IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**GLORIA TAYLOR,**

        **Plaintiff,**

**v.**                                                                   **Case No. 2:11-cv-02390-SHM-cgc**

**SEDGWICK CLAIMS MANAGEMENT**
**SERVICES, INC.**

        **Defendant.**

## ORDER GRANTING DEFENDANT'S REQUEST FOR ATTORNEYS' FEES

Before the Court is Defendant's request for attorneys' fees incurred in its filing of the motion to compel. (Docket Entry "D.E." #12). The underlying motion was referred to the Magistrate Judge for determination. (D.E. #11). For the reasons set forth herein, Defendant's request is hereby GRANTED.

### I. Introduction

On May 14, 2012, this Court granted Defendant's Motion to Compel after Plaintiff, a pro se litigant, failed to adequately respond to Defendant's discovery requests. (D.E. #12). Following the Order, Defendant was permitted fourteen days to file its affidavit and expenses, and Plaintiff was permitted seven days to file a response indicating why payment of fees and expenses are not warranted. Defendant timely submitted the Affidavit of Kathryn W. Pascover ("Pascover Affidavit"), Defendant's counsel, which states that Defendant incurred $1,555.50 in costs and fees associated with the motion to compel. (D.E. #13). Defendant included as an exhibit the billing

1

records itemizing the expenses. Plaintiff timely responded that she has been in bankruptcy and is financially unable to pay any expenses. (D.E. #15). Plaintiff also stated that she believed her responses to the discovery questions were sufficient and that she initially left answers to questions blank because she was confused. Plaintiff stated that, after learning that leaving answers blank was insufficient, she attempted to respond appropriately.

**II. Legal Standard**

Rule 37 of the Federal Rule of Civil Procedure permits a party to file a motion to compel discovery if the opposing party "fails to answer a question asked" or provides an "evasive or incomplete" response. Fed. R. Civ. P. 37(a)(3)(B)(I)- (iii). If a court grants a motion to compel, the court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "An award of expenses under Rule 37(a)(5) has both a compensatory and deterrent component," as it "compensates the prevailing party for the expenses it was forced to incur and deters the loser from engaging in similar conduct." *Richard Schonbachler v. Karol Western Corp.*, No. 2:08-cv-01157-LDG-GWF, 2010 WL 5100840, at *4 (D. Nevada Nov. 12, 2010). Despite the stated purposes of a fee award, a court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

In general, pro se litigants may be held to "less stringent standards" than attorneys in handling aspects of their case which require "some degree of legal training." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the liberal standards applicable to pro se litigants have limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416

(6th Cir. 1996). Thus, courts do not relax the standards when a pro se litigant fails to respond to discovery requests that amount to "straight forward questions calling for simple direct answers." *See Wheeler v. England*, 96 F.R.D. 546, 546 (E.D.Tenn. Mar. 2, 1982). Likewise, when a pro se litigant fails to comply with an easily understandable deadline, "there is no basis for treating that party more generously than a represented litigant." *Pilgrim*, 92 F.3d at 416; *see also Jourdan*, 951 F.2d at 110.

**III. Analysis**

First, Plaintiff asserts that the Court should deny the motion because she is financially unable to pay the fees requested by Defendant. The Court construes this request as an assertion that her circumstances would make the award unjust. Some courts have opined that a party's financial inability to pay is a factor that a court may consider in deciding whether to make an award of expenses under Rule 37. *See Schonbachler v. Karol Western Corp.*, No. 2:08-cv-01157-LDG-GWF, 2010 WL 5100840, at *4 (D. Nevada Nov. 12, 2010) (citing *Gordon v. New England Tractor Trailer Training School*, 168 F.R.D. 178, 180-81 (D.Md. 1996)). However, in the instant case, Plaintiff does not provide any documentation of her financial status to support her assertions. Additionally, Plaintiff provides no authority to demonstrate that a "mere allegation of an inability to pay a party's attorney fees is a sufficient basis for the Court to decline to order the mandatory payment of such fees under Rule 37." *United States v. Bailey*, No. 1:11-cv-059, 2012 WL 700289, at *3 (S.D.Ohio Mar. 1, 2012). Thus, the Court does not find that Plaintiff's unsubstantiated assertion of her inability to pay is a sufficient basis for her to avoid—and for Defendant to bear—the costs of compelling her to respond to the discovery requests in her own case.

Thus, the sole remaining question for the Court to consider is whether Plaintiff was substantially justified in her failure to adequately respond. As set forth in Defendant's memorandum in support of its motion to compel, Plaintiff was served with Interrogatories and Requests for Production ("First Set of Written Discovery") on December 28, 2011. Plaintiff's responses to the First Set of Written Discovery were due on January 31, 2012. On February 7, 2012, Defendant had not received any responses and wrote a letter to Plaintiff regarding her failure to respond. Defendant voluntarily offered Plaintiff until February 17, 2012 to comply. Defendant further informed Plaintiff that, if she failed to respond, Defendant would have no choice but to file a motion to compel with the Court.

On February 10, 2012, Plaintiff contacted Defendant's counsel and, according to Defendant, stated that she had overlooked the discovery deadline but promised to complete the responses by the end of the week. On February 22, 2012, Defendant's counsel had not receive any responses and again contacted Plaintiff, resent copies of the First Set of Written Discovery, and insisted upon a deadline of March 1, 2012. On February 28, 2012, Plaintiff provided limited responses to some of the interrogatories but no responses to the requests for production of documents.

On March 12, 2012, Defendant's counsel wrote Plaintiff to inform her that her discovery responses were insufficient, to provide her a third copy of the First Set of Written Discovery, and to allow Plaintiff until March 19, 2012 to comply. Defendant's counsel again warned Plaintiff that, if she did not provide adequate responses, Defendant would file a motion to compel. On March 19, 2012, Plaintiff contacted Defendant's counsel to state that she had already responded to the interrogatories. Defendant's counsel advised that she was required to respond to each and every interrogatory and request for production. Plaintiff advised she would respond by March 23, 2012.

On April 2, 2012, Plaintiff produced additional answers to the interrogatories but did not produce any responsive documents to the requests for production.

Upon review, the Court finds that Plaintiff's failure to adequately respond is not substantially justified. Defendant has made numerous attempts to assist Plaintiff and to inform her of her obligations to prosecute the case she has brought. Even despite their efforts, Plaintiff has not adequately cooperated with Defendant's repeated attempts to facilitate the progress of this case.

Nevertheless, Plaintiff argues that she believed she had provided adequate answers to the discovery responses. This Court has previously held that when there is a "reasonable dispute as to the specificity of the responses," sanctions may not be appropriate. *Memphis-Shelby County Airport Authority v. U.S. Fire Ins. Co.*, Nos. 03-2649-B/P, 04-2432-B/An, 2005 WL 6119692, at *1 (W.D.Tenn. June 15, 2005). However, in that case, the discovery dispute was highly technical and truly involved a reasonable dispute over the specificity of the required production. In the case, Plaintiff has not explained any reason for why she could not provide complete answers to the interrogatories. Even if this Court were to excuse Plaintiff's incomplete responses as to the interrogatories, Plaintiff provides no explanation for entirely failing to respond to the requests for production. Plaintiff further provides no explanation for the repeated delays in responding, despite Defendant's numerous voluntary extensions and attempts to resolve the dispute without the necessity of filing a motion to compel. As already stated, the Sixth Circuit does not extend leniency to pro se parties for failure to meet easily understandable deadlines. *See Pilgrim*, 92 F.3d at 416.

Ultimately, the Court finds that Plaintiff's failure to respond to discovery was neither substantially justified nor is an award of expenses otherwise unjust. Accordingly, Rule 37 requires the Court to order Plaintiff to pay Defendant's cost's incurred in filing the motion to compel. As

the Court finds Defendant's proposed fees to be reasonable, the Court awards $1,555.50 in costs associated with the motion to compel to Defendants.

**IV. Conclusion**

For the reasons set forth herein, Defendant's request for attorneys' fees incurred in the filing of their Motion to Compel (D.E. #12) is hereby GRANTED.

**IT IS SO ORDERED** this 29th day of June, 2012.

            s/ Charmiane G. Claxton
            CHARMIANE G. CLAXTON
            UNITED STATES MAGISTRATE JUDGE